UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
MONIQUE MEDINA THOMAS

                Plaintiff,

  -against-

ANDREW SAUL, Commissioner of the
Social Security Administration,

                Defendant.

-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-4236-FB

*Appearances:*
*For the Plaintiff*:
HOWARD D. OLINSKY
250 South Clinton St.
Ste 210
Syracuse, NY 13202

*For the Defendant*:
JACQUELINE M. KASULIS
Acting United States Attorney
Eastern District of New York
By: PAMELA MCKIMENS
Special Assistant United States Attorney
271-a Cadman Plaza East, Ste. 7117
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Monique Medina Thomas ("Thomas") seeks review of the Commissioner of Social Security's denial of her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). Both parties move for judgment on the pleadings. For the following reasons, Thomas's motion is granted, the Commissioner's denied, and this case remanded for further proceedings.

1

I.

Thomas applied for DIB and SSI on July 19, 2017, claiming a disability onset date of October 1, 2016. The Commissioner denied Thomas's application on November 29, 2017, and Thomas requested a hearing. On July 11, 2019, Administrative Law Judge Hilton R. Miller ("the ALJ") held a hearing on Thomas's claim.

After the hearing, the ALJ determined that Thomas suffered from several "severe impairments," including: "psoriasis and psoriatic arthritis, right shoulder arthroscopy, degenerative disc disease of the lumbar and cervical spines, obesity, and major depressive disorder." A.R. 120.  The ALJ further determined that Thomas retained the "residual functional capacity" (RFC) to perform light work with several restrictions.[1] A.R. 123. He concluded that Thomas could not perform her former work as a child monitor or salesperson, but could work as an entry clerk, page and cotton classer aide and was therefore not disabled. *Id*. The Appeals Council declined Thomas's request for review, and this appeal followed.

II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial

---

[1] *See A.R. 123-24* for the ALJ's complete description of restrictions he found.

evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

### III.

As of March 27, 2017, the treating physician's medical opinion is no longer presumptively given controlling weight. 20 C.F.R. §§ 404.1520c(a). Rather, the persuasiveness of each medical source is evaluated according to several factors, including supportability, consistency, relationship with the claimant and specialization, among others. 20 C.F.R. §§ 404.1520c(c). Supportability and consistency are the most important factors. 20 C.F.R. §§ 404.1520c(a). In his or her finding, the ALJ must articulate his or her consideration of these factors, including the persuasiveness of each source. *Id.*

Here, the ALJ erred by failing to properly consider the above factors and by substituting his own lay opinion for those of medical sources. In doing so, he made a finding that was inconsistent with and unsupported by medical evidence. *See Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010) (stating that an ALJ who makes an RFC determination that is unsupported by substantial evidence has improperly substituted his own opinion for that of a physician); *see*

3

*also Balsamo v. Chater*, 142 F. 3d 75, 81 (2d Cir. 1998) (holding that an ALJ may not substitute his or her judgment for a competent medical opinion).

Specifically, the ALJ did not provide substantial evidence as to why he found the opinions of Dr. Quarles and Dr. Singer to be unpersuasive. *See* A.R. 128-29. Had the ALJ found these opinions persuasive, the ALJ would not have been able to make the RFC finding that he did. With regard to Dr. Quarles's opinion that Thomas had severe limitations in completing complex tasks due to her emotional and physical limitations, the ALJ stated that this opinion conflicted with Thomas's self-reported activities of daily living. A.R. 129.

Thomas completed a function report in 2017 to report these activities. In the report, Thomas indicated that she cares for her teenage children by making sure they eat and overseeing them going off to school. A.R. 390. However, she also indicated that her sister helps her with this, and that she requires assistance most days with putting on her socks and shoes and that she cannot stand for the duration of a shower. *Id*. It is not clear how these self-reported daily activities conflict with Dr. Quarles's opinion above, and if anything, the function report appears to support Dr. Quarles's finding. *See* A.R. 390-95. The ALJ failed to provide substantial evidence for finding Dr. Quarles's opinion unpersuasive. A cursory reference to inconsistency does not meet the burden required by the regulation for disregarding a medical opinion, particularly when an examination of the record does not support

4

a finding of inconsistency. *See* 20 C.F.R. §§ 404.1520c(a).

The ALJ again erred by applying the same improper reasoning in finding that Dr. Singer's opinion was unpersuasive. A.R. 129. Dr. Singer opined that Thomas had an extreme limitation in her ability to work a full day, as well as numerous other marked limitations due to her mental impairments that would prohibit her from being able to perform the jobs for which the ALJ found RFC. *See* A.R. 1135-37. The ALJ decided that Dr. Singer's opinion conflicted with Thomas's 2017 function report, as well as with the findings in 2016 and 2017 psychiatric consultative examinations and 2017 treatment notes. Regarding the function report, the ALJ's finding was error for the same reasons mentioned above. *See* 20 C.F.R. §§ 404.1520c(a).

The psychiatric examinations that the ALJ cites refer to Dr. Quarles's 2016 opinion that Thomas was depressed and had bipolar disorder, as well as a 2017 examination showing "coherent and relevant speech, normal psychomotor activity, and good remote memory functions" and 2017 treatment notes stating that Thomas was able to follow three step commands and to register and recall three objects given to her. A.R. 127. It is unclear how Dr. Quarles 2016 opinion is at all in conflict with Dr. Singer's assessment. Also, the ALJ does nothing to explain why he favored any conflicting medical opinion in the 2017 examination or treatment notes over that of Dr. Singer. Further, Dr. Singer was a treating provider with

access to the Thomas's historical treatment records, which weighs toward favoring his opinion under the factors enumerated in the regulation. 20 C.F.R. §§ 404.1520c(c)(3). The ALJ did not support with substantial evidence his conclusion that the opinions of Dr. Singer and Dr. Quarles were unpersuasive and did not explain why his RFC assessment conflicts with their opinions. *See Hilsdorf* at 347. This was error.

## CONCLUSION

Thomas's motion for judgment on the pleadings is **GRANTED** and the Commissioner's **DENIED**. This case is **REMANDED** for further proceedings consistent with this Order.

**SO ORDERED.**

  /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 6, 2021